April 3, 1911.

————o————

5275.

(Court of Appeal, Parish of Orleans).

## THE AUTO LIVERY COMPANY, LIMITED, vs. CASTELL AND TREFNY.

Questions of fact only are involved.

Appeal from the Civil District Court, Division "B."

P. M. Milner, for plaintiff and appellee.

C. J. Theard, for defendant and appellant.

GODCHAUX, J.—Plaintiff seeks to recover from defendant the fee or agreed compensation for the use of certain automobiles by defendant's agent under a contract whereby plaintiff was to provide automobiles to this agent upon the latter's own order. Defendant at this period was engaged in promoting and selling, through this agent, a tract of land on the outskirts of the city, and contends that the contract provided that the automobiles were to be furnished to and used by the agent for the exclusive purpose of "showing" the property to prospective purchasers. Defendant claims it is not bound because, to defendant's knowledge, the automobiles were not used for this purpose, but on the contrary, were used at night by the agent for the entertainment of his personal friends.

Plaintiff's contention that the contract contained no such condition or limitation is supported by the testimony of its officer who represented it in the making of the contract, while defendant's representative in the transaction, though available as a witness, failed to take the stand to contradict him. These are the only two who had any knowledge of the terms of the contract and consequently plaintiff's version of it must be accepted.

Since the contract was without limitation or condition as to the purpose for which the automobiles were to be used, it is useless to inquire whether or not plaintiff had actual notice that they were being used for a purpose foreign to the agency, nor what the effect of such notice would be. Moreover there is evidence in the record introduced on behalf of plaintiff that defendant's representative has admitted liability for the claim; and as this representative, though available, was not called as a witness to deny such admission, it is difficult to percieve how defendant could successfully defend the suit no matter what view the court might take as to the terms of the contract or of the acts of the parties thereunder.

The statement in the testimony of the agent that he informed plaintiff's representative that he was hiring and using the automobiles for his personal account, is contradicted by this representative, and the truth of the latter's testimony was apparently accepted by the lower court.

The judgment appealed from was in flavor of plaintiff and it is accordingly affirmed.